IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD B. WARE, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:13-cv-02151-CC-GGB |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**NON-FINAL REPORT AND RECOMMENDATION**

**ON PLAINTIFF'S MOTIONS TO AMEND**

Plaintiff is proceeding in this matter *pro se*. This matter is before the court on Plaintiff's two motions to amend his complaint. (Docs. 13, 16). For the reasons discussed below, I recommend that Plaintiff's motions be denied and that his claim(s) under the FCRA be dismissed with prejudice.

**I. BACKGROUND**

Plaintiff commenced this action on June 27, 2013 by filing a complaint against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") pursuant to the Fair Credit Reporting Act ("FCRA") and the Telephone Consumer Protection Act ("TCPA"). (Doc. 1, Compl.). With regard to the FCRA, Plaintiff's complaint alleged that

Wells Fargo violated sections 1681 and 1681b of the FCRA when Wells Fargo allegedly reported (and continued to report) in error to Equifax, Trans Union and Experian that Plaintiff's account was 30 days past due in October and November 2012, even though "Plaintiff contacted [Wells Fargo] and supplied documentation to support his claim that the reporting was incorrect." (Compl. ¶¶ 1, 13-14). Plaintiff alleged that his payments were made in a timely manner because the payment that he made in October 2012 was only 27 days past due on the date of payment, and his November 2012 payment was only 29 days past due. (Id. ¶ 13 & p. 6). Plaintiff alleged that he contacted Wells Fargo several times about removing the delinquent payment reports on his credit report, but Wells Fargo failed to comply with his demands and continued to report his account as delinquent, which Plaintiff asserted has caused a decrease in his credit score. Plaintiff also alleged that he both sent to and received from Wells Fargo documentation indicating the actual date the payments were made and posted in Wells Fargo's branch office. (Id. at 4-5).

On July 22, 2013, Wells Fargo timely filed its answer to Plaintiff's complaint and moved for partial dismissal of the complaint on Plaintiff's FCRA claim. (Doc. 4, Answer; Doc. 3, Partial Motion to Dismiss). Plaintiff did not file any response to the

partial motion to dismiss, thereby indicating no opposition. See Local Rule 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

On September 9, 2013, the undersigned magistrate judge issued a Non-Final Report and Recommendation ("R&R") recommending that Wells Fargo's partial motion to dismiss be granted in its entirety. (Doc. 10). The R&R noted that Plaintiff's complaint alleged that Wells Fargo had in some way violated sections 1681 and 1681b of the Fair Credit Reporting Act ("FCRA"), but Plaintiff had failed to show that Wells Fargo had acted as a "consumer reporting agency" ("CRA") within the meaning of those provisions of the FCRA. Thus, Plaintiff had failed to allege or show that Wells Fargo engaged in any conduct that would trigger sections 1681 or 1681b of the FCRA.

The R&R explained that even though Plaintiff had not alleged violations of any other provisions of the FCRA, there were other provisions that governed claims by consumers, like Plaintiff, against a furnisher of information, like Wells Fargo, based on an allegation that the furnisher submitted incorrect information regarding the consumer to a CRA. For instance, the FCRA imposes two separate duties on furnishers. Section 1681s-2(a) requires furnishers to submit accurate information to CRAs. See Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008). And section

3

1681s2-(b) requires furnishers to investigate and respond promptly to notices of customer disputes. Id.

The R&R noted that the chief allegation in Plaintiff's complaint was that Wells Fargo violated the FCRA by submitting inaccurate information regarding Plaintiff's account. (Doc. 10 at 9). The R&R explained that even though section 1681s-2(a) requires furnishers of information to submit accurate information to the CRAs, the Eleventh Circuit has held that that provision does not provide a private right of action to redress such a violation. (Doc. 10 at 8-9, citing Steed v. EverHome Mortg. Co., 308 F. App'x 364, 369-70 (11th Cir. 2009)). Because Plaintiff's complaint did not allege that Wells Fargo did anything more than furnish inaccurate information regarding Plaintiff's account to the three main credit reporting agencies, the R&R found that Plaintiff had failed to state a valid claim under section 1681s-2(a) of the FCRA.

The R&R found that Plaintiff had also failed to state a claim under section 1681s-2(b), which does provide consumers with a private right of action, but only if the furnisher received notice of the consumer's dispute from a CRA. The R&R noted that Plaintiff had failed to allege or show that he notified any CRA of any inaccuracies in his credit report, or that Wells Fargo ever received notice of a dispute regarding Plaintiff from a CRA. Accordingly, the R&R found that Plaintiff's FCRA claim had failed to

meet the minimum pleading standards under Rule 8, Iqbal and Twombly, and failed to state a plausible claim for relief.  The R&R recommended that Count I of Plaintiff's complaint be dismissed against Wells Fargo for failure to state a claim under the FCRA. (Doc. 10 at 10).

On September 25, 2013, before the district court had had an opportunity to review and rule on the R&R and Wells Fargo's partial motion to dismiss, Plaintiff (without explanation) filed a "response" to the R&R stating that he wished to amend his complaint to allege a claim under section 1681s-2(a) of the FCRA, "Duty of Furnishers of Information to Provide Accurate Information" (Doc. 12 at 3).

Plaintiff also filed a Motion to Amend [his] Original Complaint (Doc. 13 at 1) and attached a proposed First Amended Complaint (id. at 4).  The proposed First Amended Complaint basically repeats verbatim the allegations from Plaintiff's original complaint, and adds one reference to section 1681s-2, which, according to Plaintiff, "places the 'Duty of Information Providers Accurate Information' [sic] and prohibiting 'Reporting information with actual knowledge of errors." (Doc. 13 at 1).  I interpret Plaintiff's allegation to mean that section 1681s-2(a) imposes a duty on furnishers of information to provide accurate information and prohibits reporting information with actual knowledge of errors.  See 15 U.S.C. § 1681s-2(a)(1)(A).

5

The proposed First Amended Complaint alleges that after Wells Fargo reported to the three CRAs that Plaintiff's account was over 30 days delinquent for the months of October and November 2012, Plaintiff contacted Wells Fargo, disputed the delinquency, and Wells Fargo responded to the Plaintiff and the CRAs that the credit information was being reported correctly. (Doc. 13 at 8). Plaintiff further alleges that he attempted to resolve the issue by sending dispute notices both to Wells Fargo and to the CRAs, but his efforts were to no avail. (Id.).

On October 3, 2013, Wells Fargo filed a response (Doc. 14) in opposition to Plaintiff's first motion to amend (Doc. 13). Wells Fargo argued that allowing Plaintiff to file his proposed First Amended Complaint was futile because the allegations contained in the amended complaint were essentially the same as those contained in the original complaint, and therefore failed to state a claim against Wells Fargo.

On October 12, 2013, Plaintiff (again without explanation) filed a second Motion to Amend Original Complaint (Doc. 16) that incorporates much of the language from his original and proposed first amended complaints, but his proposed Second Amended Complaint states that he now wants to bring his FCRA claims under 15 U.S.C. §§ 1681b, 1681s-2, 1681n, and 1681o "which places the 'Duty of Information Providers Accurate Information' [sic] and prohibiting 'Reporting information with actual

knowledge of errors." (Doc. 16-1 at 1-2). Apart from the addition of sections 1681n and 1681o, Plaintiff's proposed Second Amended Complaint appears to be asserting essentially the same allegations as Plaintiff's proposed First Amended Complaint.

On November 6, 2013, Wells Fargo filed a brief (Doc. 18) in opposition to Plaintiff's Second Motion to Amend his Original Complaint (Doc. 16), asserting essentially the same arguments as it asserted in opposing Plaintiff's first Motion to Amend. Wells Fargo argues that Plaintiff's proposed Second Amended Complaint contains the same deficiencies as the original complaint – i.e., Plaintiff failed to allege or show that the information in dispute was based on something other than Wells Fargo's first-hand experience with Plaintiff, its customer – and the amended complaint continues to fail to state a claim under any other provision of the FCRA. Wells Fargo argues that instead of showing that it violated section 1681s-2(b), Plaintiff's proposed pleading shows that Wells Fargo fully complied with the statute by investigating Plaintiff's dispute and responding to Plaintiff and the reporting agencies that the information "was being reported correctly." (Doc. 16-1 at 5).

On November 25, 2013, the district court entered an order adopting the R&R and dismissing Plaintiff's FCRA claim without prejudice. (Doc. 20). In a footnote to that order, the district court stated that following the issuance of another R&R by the

7

undersigned magistrate judge on Plaintiff's motions to amend, the court will decide by separate order whether Plaintiff should be permitted leave to amend the complaint. (Doc. 20 at 2 n.2). Until that time, Plaintiff's FCRA claim is dismissed without prejudice.

## II.  LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs amendments to the pleadings. The rule states, in pertinent part:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A) & (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In this case, Plaintiff has not obtained the opposing party's written consent to file either a first or second amended complaint. Therefore, the court's leave to amend is required. "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks

AO 72A
(Rev.8/82)

omitted). The decision to grant or deny leave to amend rests in the sound discretion of the court. See id.

Pursuant to the federal and local rules, the proper method for requesting leave to amend is by separate motion, stating "with particularity the grounds for seeking the order" and "the relief sought."[1] See Fed. R. Civ. P. 7(b)(1)(B) & (C); LR 7.1, NDGa. In the Eleventh Circuit, a motion for leave to amend must also either set forth the substance of the proposed amendment or attach a copy of the proposed amendment. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (affirming district court's denial of leave to amend where request for leave to amend was included in the memorandum that the plaintiff filed in opposition to a motion to dismiss, and the plaintiff had failed to attach the amendment or set forth the substance of the proposed amendment) (citing with approval Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.")). See also

---

[1] Federal Rule of Civil Procedure 7(b)(1) provides that "[a] request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1). Local Rule 7.1(A)(1) provides that every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. LR 7.1(A)(1), NDGa.

In re AndroGel Antitrust Litig., 687 F. Supp. 2d 1371, 1382 (N.D. Ga. 2010) (stating that a request for leave to amend a complaint must be made by motion and must either attach a copy of the proposed amendment or include the substance of the proposed amendment).

### III. DISCUSSION

Here, Plaintiff has attached proposed amended complaints to his motions to amend, but he has failed to set forth any legitimate grounds on which he seeks to amend his pleading. Plaintiff merely asserts that he believes "the amended complaint[s] will offer evidence that will save a meritless complaint." (Docs. 13 at 1, 16 at 1). Plaintiff has also failed to accompany his motions to amend by a memorandum of law citing supporting authority. Thus, Plaintiff's motions to amend do not conform to the requirements of the local rules. See LR 7.1(A)(1). The motions also fail to comply with the federal rules. See Fed. R. Civ. P. 7(b)(1).

In addition, I conclude that allowing Plaintiff to file either of his proposed amended complaints under the FCRA would be futile. In Plaintiff's response to Wells Fargo's opposition to Plaintiff's motion to file his second amended complaint, Plaintiff expressly states that his proposed amended complaints are "not alleging that ... Defendant did not investigate the information"; rather, Plaintiff wants to file an

amended complaint so he can claim that Wells Fargo is "willfully reporting inaccurate information." (Doc. 21, Pl.'s Resp. Br., at 4).

However, as discussed in my initial R&R, the FCRA does not afford a private right of action for such a claim. Section 1681s-2(a) sets forth the duty of furnishers of information to provide accurate information, 15 U.S.C. § 1681s-2(a), but the FCRA provides that the provisions of section 1681s-2(a) shall be enforced exclusively by federal and states agencies and officials identified in the FCRA. The Act also expressly states that the provisions providing a cause of action for willful and negligent noncompliance with the FCRA, specifically, sections 1681n and o, do not apply to violations of section 1681s-2(a). See 15 U.S.C. §§ 1681s-2(a), (c)(1), (d); Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (although "the FCRA prohibits furnishers of credit information from providing false information," the "statute bars private suits for violations of this provision" (citing 15 U.S.C. § § 1681s-2(a), 1681s-2(c), and 1681s(c)(1)(B) (allowing states to bring an action for violations)); Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008) (unpublished); Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012); Chiang v. Verizon New England, Inc., 595 F.3d 26, 36 (1st Cir. 2010); Carlson v. Trans Union LLC, 259 F. Supp. 2d 517, 519 (N.D. Tex. 2003); Riley v. GM Acceptance Corp., 226

11

F. Supp. 2d 1316, 1319 (S.D. Ala. 2002) ("There is no private cause of action under 15 U.S.C. § 1681s-2(a). This is clear from the language of 15 U.S.C. § 1681s-2(c), which states, 'Sections 1681n and 1681o of this title [providing for civil liability for willful or negligent noncompliance with the FCRA] do not apply to any failure to comply with subsection (a) of this section'").

This is not to say that Plaintiff was without recourse to address Wells Fargo's alleged inaccurate reporting. See Sanders, 689 F.3d at 1147. While "Congress did not want furnishers of credit information [to be] exposed to suit by any and every consumer dissatisfied with the credit information furnished," Congress does allow consumers to enforce the duty of accurate reporting through the FCRA's dispute process. Id. (citation omitted). When the furnisher receives notice of a dispute from the credit reporting agency, it must perform the verification and correction duties described in 15 U.S.C. § 1681s-2(b).

Subsection (b) provides, in relevant part:

**(b) Duties of furnishers of information upon notice of dispute**

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

    (C) report the results of the investigation to the consumer reporting agency;

    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

      (i) modify that item of information;

      (ii) delete that item of information; or

      (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). The FCRA provides a private right of action for willful and negligent noncompliance with section 1681s-2(b).

  However, as Plaintiff has now confirmed, he is not seeking to file an amended complaint in order to bring a claim against Wells Fargo for failing to investigate and report the results of the investigation to the CRAs. (Doc. 21 at 4). Plaintiff does not

allege, nor do his factual allegations suggest, that Wells Fargo (1) failed to investigate his report of inaccurate information, (2) failed to report the results of its investigation to a consumer reporting agency, or (3) found that the information was inaccurate, incomplete, or unverifiable, yet failed to take the actions required under (b)(1)(D) and (E). Nor do Plaintiff's proposed amended complaints allege willful or negligent noncompliance with § 1681s-2(b).

Rather, Plaintiff's proposed amended complaints allege that Wells Fargo violated the FCRA by willfully reporting inaccurate information. See Doc. 13 at 1, 8; Doc. 16-1 at 1, 5-6; 15 U.S.C. § 1681s-2(a)(1). That allegation, however, is not an actionable claim under the FCRA. See Riley, 226 F. Supp. 2d at 1319 ("There is no private cause of action under 15 U.S.C. § 1681s-2(a)"); see also Pieta v. USAA Group, No. 3:13cv322/MCR/EMT, 2013 WL 3810891, at *3 (N.D. Fla. July 22, 2013) ("the FCRA provides that the provisions of § 1681s-2(a) shall be enforced exclusively by federal and states agencies and officials identified in the FCRA, and it expressly states that the provisions providing a private cause of action for willful and negligent noncompliance with the FCRA, specifically, §§ 1681n and o, do not apply to violations of § 1681s-2(a).").

In sum, Plaintiff has not filed proper motions for leave to amend his complaint, and he has failed to set forth any legitimate grounds on which he seeks to amend his pleading. In addition, Plaintiff's proposed amended complaints do not cure the deficiencies of his original complaint. Plaintiff has failed to show how his proposed amended complaints save his meritless FCRA claim. For the reasons stated above and in my earlier R&R, I conclude that allowing Plaintiff to file either one of his proposed amendment complaints would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (stating that a district court need not allow an amendment where amendment would be futile); Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *5 (N.D. Ga. Sept. 2, 2010), *adopted by* 2010 WL 4312878 (N.D. Ga. Oct. 21, 2010) (dismissing *pro se* complaint with prejudice where amendment would be futile); Kariguddaiah v. Wells Fargo Bank, N.A., No. C-09-5716-MHP, 2010 WL 2650492, at *3 (N.D. Cal. July 1, 2010) (finding leave to amend wrongful foreclosure claim, among other things, would be futile where "plaintiff has not identified any facts he could plead in a further amended complaint to overcome the noted fatal defects")).

AO 72A
(Rev.8/82)

## IV.  CONCLUSION

For the reasons stated above, and in my prior Non-Final Report and Recommendation, I **RECOMMEND** that the Plaintiff's motions to amend his complaint (Docs. 13, 16) be **DENIED**, and that his claim(s) under the FCRA be **DISMISSED with prejudice**.

**IT IS SO RECOMMENDED**, this 3rd day of February, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)